WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brooke Spiecker, | No. CV-23-08073-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Kaitlynn Lewis, et al., | |
| Defendants. | |

Pro Se Plaintiff Brooke Spiecker is suing Defendants Kaitlynn Lewis, Jamie Ryan, Susan Balensky, and Maureen Powell under 42 U.S.C. § 1983 for violating her First, Fifth, and Fourteenth Amendment rights. Pending before the Court is Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). The motion is fully briefed. (*See* Docs. 13, 14, 16.) For the following reasons, the Court grants Defendants' motion.

I.    **BACKGROUND**[1]

On August 3, 2022, Plaintiff's 17-year-old child, M.M., drove himself to Cottonwood Hospital for a suspected drug overdose. (Doc. 1 ¶ 15.) M.M. tested positive for fentanyl and methamphetamines. (*Id.*) On August 10, 2022, Department of Child Safety ("DCS") employees Kaitlynn Lewis and Jamie Ryan met with Plaintiff at DCS' Cottonwood Office. (*Id.* ¶ 18.) Defendants asked Plaintiff about M.M.'s drug use and asked Plaintiff to submit to a drug test, which Plaintiff refused. (*Id.*) Later that day, Defendant

---

[1] This section draws from the allegations in the complaint, which are accepted as true for the purposes of this order.

Lewis filed an application and declaration for removal of Plaintiff's children in juvenile court. (*Id.* ¶ 21.) Plaintiff alleges Defendant Lewis' "declaration was a false petition to the court, falsely stating probable cause exists to believe that temporary custody is clearly necessary to protect the children from suffering abuse or neglect." (*Id.* ¶ 22.) Plaintiff also alleges that Defendants "falsely report[ed] that Plaintiff has a long history of illicit substance use" and "that Plaintiff [is] unable to meet the basic needs of her children," thereby "violat[ing] Plaintiff's parenting and civil rights." (*Id.* ¶¶ 28–29.)

That same day, Defendant Lewis met with Plaintiff outside Plaintiff's home. (*Id.* ¶ 13.) Defendant Lewis presented Plaintiff with a court order to remove Plaintiff's two children from the home. (*Id.*) None of the DCS employees went inside Plaintiff's home to investigate the children's environment. (*Id.*) Plaintiff alleges "[t]hroughout the whole process, DCS never stepped inside Plaintiff's home to determine abuse or neglect. . . . Therefore, the conduct of these defendants grossly violated Plaintiff's parenting, constitutional and civil rights, and her due process rights before DCS and juvenile court system." (*Id.* ¶ 27.) Plaintiff also alleges that Defendants violated Plaintiff's due process rights by not providing service of notice of her dependency court hearings. Plaintiff alleges that she was never served any court papers and that she "wasn't notified about court until she received a 'text message' from Defendant Kaitlynn Lewis." (*Id.* ¶ 30.)

Plaintiff further alleges that Defendants violated her due process rights by neither informing Plaintiff of her children's medical appointments and treatments, nor involving Plaintiff in medical decisions relating to her children (*Id.* ¶ 42), and by not properly complying with court orders dictating Plaintiff's visitation and contact rights with her children (*Id.* ¶¶ 43-46, 50). As to Defendants Balinsky and Powell specifically, Plaintiff alleges that they inflicted intentional emotional distress to her by refusing to provide her with information regarding her child C.S. (*Id.* ¶ 53.)

As to her injuries, Plaintiff alleges that Defendants' conduct caused her pain and suffering; loss of liberty based on the violation of her civil rights; and loss of association

1    and alienation of affection with her minor children. (*Id.* ¶¶ 62–74.) Plaintiff demands $2.3

2    million in damages pursuant to 42 U.S.C. § 1983 and $5 million in punitive damages.

3    ## II.    LEGAL STANDARD

4        To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient

5    factual matter, accepted as true, to state a claim to relief that is plausible on its face."

6    *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). "A claim has facial plausibility

7    when the pleaded factual content allows the court to draw the reasonable inference that the

8    defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

9    "The plausibility standard requires more than the sheer possibility or conceivability that a

10   defendant has acted unlawfully." *Zixiang Li*, 710 F.3d at 999. Further, "the complaint must

11   provide 'more than labels and conclusions.'" *In re Rigel Pharmaceuticals, Inc. Securities

12   Litig.*, 697 F.3d 869, 875 (9th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

13   544, 555 (2007)).

14       "In evaluating a Rule 12(b)(6) motion, the [C]ourt accepts the complaint's well-

15   pleaded factual allegations as true and draws all reasonable inferences in the light most

16   favorable to the plaintiff." *Adams v. U.S. Forest Srvc.*, 671 F.3d 1138, 1142–43 (9th Cir.

17   2012). However, the Court "does not have to accept as true conclusory allegations in a

18   complaint or legal claims asserted in the form of factual allegations." *In re Tracht Gut,

19   LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016). A Rule 12(b)(6) motion "can be based on the

20   lack of a cognizable legal theory or the absence of sufficient facts alleged under a

21   cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

22   1990).

23       As relevant here, "pro se complaints, however inartfully pleaded, are held to less

24   stringent standards than formal pleadings drafted by lawyers." *Lazarescu v. Ariz. State

25   Univ.*, 230 F.R.D. 596, 600 (D. Ariz. 2005). What's more, "[i]n civil rights cases where the

26   plaintiff appears pro se, the court must construe the pleading liberally and must afford

27   plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623

28   (9th Cir. 1988). If the liberally construed pleading fails to state a claim for relief, the Court

"should grant leave to amend even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III.  ANALYSIS

To prevail in a § 1983 action, a plaintiff must show that (1) the acts of the defendants (2) under color of state law (3) deprived her of federal rights, privileges, or immunities and (4) caused her damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Id.* at 1164. Liberally construing Plaintiff's complaint, the Court discerns the following claims: Defendants deprived Plaintiff of her First, Fifth, and Fourteenth Amendment rights by (1) submitting false reports about Plaintiff to the courts in an effort to remove Plaintiff's children; (2) failing to complete a thorough investigation before removing Plaintiff's children from her custody; (3) failing to provide Plaintiff with notice of her custody hearings; (4) denying Plaintiff her right to make medical decisions for her children; and (5) failing to comply with state court orders. The Court also discerns a claim for intentional infliction of emotional distress.

As an initial matter, the Court dismisses Plaintiff's § 1983 claim based on any alleged violation of her Fifth Amendment rights. The Fifth Amendment "protects [a plaintiff] only against only federal government action." *Fidelity Fin Corp. v. Fed. Home Loan Bank*, 792 F.2d 1432, 1435 (9th Cir. 1986). None of the Defendants are federal actors. As such, Plaintiff fails to state a cognizable claim for relief for violation of the Fifth Amendment's due process clause, so the Court dismisses any claim on that basis. The Court will now turn to Plaintiff's remaining claims under the First and Fourteenth Amendment and her intentional infliction of emotional distress claim.

### A. Judicial Deception

Although Plaintiff does not characterize her claim as judicial deception, Plaintiff repeatedly alleges that Defendants falsely reported to the Court that Plaintiff was

neglecting her children, actively using drugs, refusing services, and suffering from mental health issues. (*See e.g.*, Doc. 1 ¶¶ 22, 28, 29, 36, 37.) There is "a constitutional right under the Due Process Clause of the Fourteenth Amendment to be free from judicial deception and fabrication of evidence in the context of civil child custody cases." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1146 (9th Cir. 2021). To allege a violation of the constitutional right to be free from judicial deception, a plaintiff must plead "(1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision." *Id.* at 1147. A judicial deception claim must meet the higher pleading standard under Federal Rule of Civil Procedure 9(b), which requires that the pleading "state with particularity the circumstances constituting [the] fraud." In other words, a plaintiff must allege "the who, what, when, where, and how of the misconduct charged," including what is false or misleading about a statement and why it is false. *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).

Plaintiff's judicial deception claim fails to allege sufficient facts to state a claim for relief. Specifically, Plaintiff fails to plead that Defendants' allegedly false statements were material to the removal of Plaintiff's children. Because Plaintiff does not allege what the juvenile court considered in deciding to remove Plaintiff's children, Plaintiff's complaint lacks sufficient facts to allow the Court to draw a plausible inference that Defendants' alleged misstatements were material to the judicial decision. *See Kitaj v. Van Handel*, No. CV-22-00463-TUC-JCH, 2023 WL 5932856, at *4 (D. Ariz. Sept. 12, 2023) (finding that plaintiffs did not sufficiently show materiality because plaintiffs did "not allege what the juvenile court did and did not consider in making its decision"). Additionally, many of Plaintiff's allegations (Doc. 1 ¶¶ 30, 36, 37, 39, 41, 59) lack particularity, failing to explain the who, what, when, and where of the judicial deception. For instance, Plaintiff alleges that "[D]efendants also violated Plaintiff's due process rights by falsely reporting to the Court that Plaintiff was an aggressor of domestic violence. More due process violations with more false statements to the Court, including false allegations that Plaintiff has refused all services." (*Id.* ¶ 30.) Yet, without explaining who specifically made these alleged

1    misstatements or at what point within the juvenile-dependency proceedings the

2    misstatements were made, Plaintiff fails to provide sufficient notice of the timing, subject

3    of, and parties of the alleged deception for Defendants to prepare a defense. *See Benavidez*,

4    993 F.3d at 1149. Nevertheless, given that Plaintiff's Fourteenth Amendment claim based

5    on judicial deception can be cured by the allegation of additional facts, the Court dismisses

6    it without prejudice.

7        **B.  Removal of Plaintiff's Children Based on an Inadequate Investigation**

8        Plaintiff alleges that Defendants violated her parenting rights by not thoroughly

9    investigating her home for signs of neglect and abuse before removing her children. (Doc.

10   1 ¶¶ 13, 27, 33, 40). The Fourteenth Amendment prohibits states from depriving "any

11   person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV

12   § 1. The Supreme Court has stated that "the interest of the parents in the care, custody and

13   control of their children—is perhaps the oldest of the fundamental liberty interests

14   recognized by this Court." *Troxel v. Granville*, 530 U.S. 57, 65 (2000). Furthermore, the

15   Court has recognized that the right to familial association has both a substantive and

16   procedural component. *Keates v. Koile*, 883 F.3d 1228, 1236 (9th Cir. 2018). "While the

17   right is a fundamental liberty interest, officials may interfere with the right if they 'provide

18   the parents with fundamentally fair procedures.'" *Id.* (internal citations omitted). The First

19   Amendment also protects family relationships, protecting "intimate relationships from

20   unwarranted state interference" in order to "safeguard the ability [to] independently []

21   define one's identity[,] . . . central to any concept of liberty." *Id.* (internal quotations

22   omitted). Accordingly, under the First and Fourteenth Amendment, "[o]fficials may not

23   remove children from their parents without a court order unless they have 'information at

24   the time of the seizure that establishes reasonable cause to believe that the child is in

25   imminent danger of serious bodily injury.'" *Leal v. Muzuka*, No. 1:19-cv-01223-DAD-

26   BAM, 2020 WL 4194520, at *6 (E.D. Cal. July 21, 2020) (quoting *Keates*, 883 F.3d at

27   1236).

28

Here, Plaintiff's claim that Defendants failed to adequately investigate Plaintiff's home impliedly alleges that the court order for removal was based on incorrect or incomplete information. To the extent that Plaintiff is challenging the state court order for removal, Plaintiff may not do so. "Under the *Rooker Feldman* doctrine, a federal district court does not have subject matter jurisdiction to hear an appeal from the judgment of a state court," which includes a state court order for removal. *Leal*, 2020 WL 4194520, at *5 (holding that federal court lacked jurisdiction to review plaintiff's claims against state employees concerning the court-ordered removal of his children). Plaintiff fails to state a cognizable claim for relief based on Defendants' alleged inadequate investigation, so the Court dismisses this claim.

**C. Notice of Dependency Hearings**

Plaintiff also alleges that Defendants violated her Fourteenth Amendment due process rights by failing to provide Plaintiff with adequate notice of her dependency hearings. (Doc. 1 ¶¶ 30, 32.) As discussed, a parent has a constitutionally protected interest in the custody and care of her children. *Caldwell v. Lefever*, 928 F.2d 331, 333 (9th Cir. 1991). "An essential principle of due process is that a deprivation of [a protected interest] be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Kinlaw v. Kozak*, No. C 07-00430-SBA, 2010 WL 986925, at *10 (N.D. Cal. March 17, 2010) (holding that because plaintiff received proper notice of date, time, and location of the dependency hearing, plaintiff received requisite process due); *see also Kirk v. I.N.S.*, 927 F.2d 1106, 1107 (9th Cir. 1991) ("Procedural due process requires adequate notice and opportunity to be heard."). However, the Court dismisses Plaintiff's claim here for two reasons.

First, Plaintiff does not allege sufficient facts that would allow the Court to draw a reasonable inference of denied notice. Despite claiming not receiving adequate notice of her dependency hearings, Plaintiff's complaint acknowledges that she not only appeared at these dependency hearings but did so with counsel. (Doc. 1 ¶ 31–32.) Indeed, Plaintiff's attorney even made arguments on Plaintiff's behalf at these hearings, requesting a

continuance of the proceedings that was ultimately denied. (*Id.*) Given this internal inconsistency in Plaintiff's allegations, Plaintiff fails to allege sufficient facts to state a plausible claim for relief based on a violation of her procedural due process.

That aside, Plaintiff's claim here appears to be a collateral attack on the state court's judgment. As Plaintiff acknowledges, her attorney requested a continuance and was denied. If Plaintiff believes she was wrongfully denied a continuance, then Plaintiff should have appealed to the Arizona Court of Appeals. But raising such a claim in federal court necessarily requires this Court to undermine a state court decision, which is impermissible under the *Rooker-Feldman* doctrine. "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court and seeks relief from the judgment of that court." *Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2004). Thus, the Court dismisses Plaintiff's claim of inadequate notice for failing to state a cognizable claim for relief.

### D.  Right to Make Medical Decisions for Children

Plaintiff alleges that Defendants violated her right to familial association by failing to notify her of her children's medical appointment and treatments and by denying Plaintiff her right to make medical decisions for her children. (Doc. 1 ¶¶ 42, 47, 48, 53). "The right to family association includes the right of parents to make important medical decisions for their children, and of children to have those decisions made by their parents rather than the state." *Wallis v. Spencer*, 202 F.3d 1126, 1141 (9th Cir. 2000). As a result, "barring a reasonable concern that material physical evidence might dissipate . . . or that some urgent medical problem exists requiring immediate medical attention, the state is required to notify parents and to obtain judicial approval before children are subjected to investigatory physical examinations." *Id.*; *see also Mann v. Cnty. of San Diego*, 907 F.3d 1154, 1162 ("A parent's due process right to notice and consent is not dependent on the particular procedures involved in the examination [of the child], or the environment in which the examinations occurs, or whether the procedure is invasive . . . . [A] parent's right to notice and consent is an essential protection of the child and the parent.").

Here, Plaintiff's complaint lacks sufficient factual content to allow the Court to draw the reasonable inference that Defendants denied Plaintiff her due process right to notice and consent before subjecting her children to medical examinations. The most specific allegation Plaintiff makes is: "Defendant Maureen Powell has not notified Plaintiff of upcoming doctor appointments . . . any minor surgeries/ outpatient surgeries (excision biopsy), or any medication the children have been prescribed." (Doc. 1 ¶ 42.) Plaintiff does not allege any facts pertaining to who, what, when, and where of such examinations and procedures—it is not clear which of Plaintiff's children received an examination or procedure, what they received, when or where they received it, or by whom. Like Plaintiff's judicial deception claim, this claim here pertaining to Plaintiff's right to notice and consent relating to her children's medical decisions can be cured by the allegation of additional facts. As such, the Court dismisses this claim without prejudice.

### E. Non-Compliance with State Court Orders

Plaintiff alleges Defendant Powell failed to comply with state court orders. Specifically, Plaintiff alleges that Defendant Powell: "violated Plaintiff's parenting rights by not giving plaintiff her phone calls with her child C.S., despite Judge's Orders[;] . . . did not have either child in counseling as per judges' orders[;] . . . and has not made-up visits that were missed since first Juvenile court orders between Plaintiff and her children." (Doc. 1 ¶¶ 43–45.) Plaintiff also alleges that she is owed over 56 hours of visiting time with her child. (*Id.* ¶ 45.)

To establish constitutional violation based on substantive due process, a plaintiff must "show both a deprivation of her liberty and *conscience shocking behavior* by the government." *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006) (emphasis added). Indeed, "non-custodial parents with court-ordered visitation rights have a liberty interest in the companionship, care, custody, and management of their children." *Id.* at 992. However, a relatively minor infringement on a non-custodial parent's liberty interest—a lesser interest than legal custody—will not give rise to a § 1983 action. *Id.* In *Brittain*, for instance, the Ninth Circuit held that a one-week loss of visitation was not sufficient to give

rise to a substantive due process claim. *Id.* at 995. The Court reasoned that "[i]f any deprivation of visitation rights, no matter how slight, can give rise to a substantive due process claim, litigants will not only be able to use substantive due process as a 'font of tort law,' but also as a tool to transform federal courts into family courts. . . . The proper venue to litigate at the very least most of these disputes is in state court." *Id.*

Here, Plaintiff's alleged 56-hour loss of visitation time is not sufficient to state a claim for relief under § 1983. Moreover, Plaintiff does not allege sufficient facts that would give rise to a reasonable inference that Defendant Powell engaged in conscience shocking behavior. In turn, because Plaintiff's substantive due process claim based on Defendant Powell's non-compliance with the state court orders fails to state a plausible claim for relief, the Court dismisses it without prejudice.

### F. Intentional Infliction of Emotional Distress

Last, Plaintiff makes a stray allegation that Defendants Balinsky and Powell inflicted intentional emotional distress on her by "refus[ing] to let Plaintiff know what is going on with her child C.S." (Doc. 1 ¶ 53.) The Court first notes that a claim for intentional infliction of emotional distress is not a viable claim under 42 U.S.C. § 1983, but rather finds relief under state tort law. Second, assuming Plaintiff intended to assert such a claim separate from her § 1983 count, the Court finds that Plaintiff has not stated a plausible claim for relief. A claim for intentional infliction of emotional distress requires: (1) the defendant engage extreme and outrageous conduct; (2) the defendant either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and (3) severe emotional distress must indeed occur as a result of the defendant's actions. *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987). Plaintiff does not allege sufficient facts for any of the three required elements for the tort claim, so the Court dismisses this claim without prejudice.

**IT IS SO ORDERED** Defendants' motion (Doc. 13) is **GRANTED.** Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND**. Specifically,

- Plaintiff's Fifth Amendment claim, inadequate investigation claim, and inadequate notice claim are **DISMISSED**.
- Plaintiff's judicial deception claim, denial of Plaintiff's right to make medical decisions for her children claim, substantive due process claim based on Defendant Powell's non-compliance with state court orders, and intentional infliction of emotional distress claim are **DISMISSED WITHOUT PREJUDICE**. Given these claims are curable, the Court will allow Plaintiff to file a First Amended Complaint that contains sufficient factual allegations to support them. Any First Amended Complaint must be filed within thirty (30) days of this Order and must be retyped or rewritten in its entirety. Further, the First Amended Complaint may not incorporate any part of the prior complaint or subsequent pleadings by reference. All causes of action alleged in the original complaint which are not alleged in any First Amended Complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("[A]n amended pleading supersedes the original."). Any First Amended Complaint submitted by Plaintiff shall be clearly designated as a First Amended Complaint on the face of the document. Additionally, any First Amended Complaint shall comply with the requirements of Fed. R. Civ. P. 8(a), 10(a), and 11(a).
- The Clerk of the Court is **DIRECTED** to enter a judgment of dismissal, without prejudice, without further order of the Court, if Plaintiff fails to file a First Amended Complaint within thirty (30) days of the filing date of this Order.

Dated this 2nd day of January, 2024.

Douglas L. Rayes
United States District Judge