**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brooke Spiecker, | No. CV-23-08073-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Kaitlynn Lewis, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Brooke Spiecker's motion to stay and motion for reconsideration of the Court's January 2, 2024, order. (Doc. 20.) The motion is fully briefed. (Docs. 20, 22.) Construing Plaintiff's motion to stay as a motion for an extension of time to file a First Amended Complaint, the Court grants Plaintiff a sixty-day extension. As to her motion for reconsideration, the Court denies it for the foregoing reasons.

**I.     Background**

On January 2, 2024, ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court dismissed Plaintiff's Complaint without prejudice and with leave to amend. Specifically, the Court dismissed Plaintiff's Fifth Amendment due process claim because none of the named defendants in this case are federal actors. (Doc. 19 at 4.) The Court also dismissed Plaintiff's claims that Defendants (1) inadequately investigated before removing her children from her custody and (2) failed to provide adequate notice of her dependency hearings. (Doc. 19 at 6–8). The Court dismissed both claims with prejudice

because they are collateral attacks on state court judgments and do not constitute cognizable claims for relief. (*Id.*) The Court dismissed Plaintiff's remaining claims without prejudice, finding such claims curable through the allegation of additional facts. The Court afforded Plaintiff thirty days from the order to file an amended complaint. On February 2, 2024, instead of filing an amended complaint, Plaintiff filed the instant motion for reconsideration and motion to stay. (Doc. 20.)

## II. Legal Standard

A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g); *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). The motion must "point out with specificity the matters the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's order." LRCiv 7.2(g). Further, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support or in opposition to the motion that resulted in the Order." *Id.* The Court may deny a motion for reconsideration if it fails to comply with these rules. *Id.* "Absent good cause shown, any motion for reconsideration shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." *Id.*

## III. Discussion

As an initial matter, the Court notes that Plaintiff filed her motion for reconsideration sixteen days past the deadline prescribed by the Court's local rules and without any showing of good cause. On this ground alone, the Court could deny Plaintiff's motion. Nevertheless, even if Plaintiff had timely filed her motion, she has not demonstrated manifest error or shown new facts or legal authority justifying granting her motion.

Plaintiff first argues the Court erred in dismissing her Fifth Amendment due process

claim because the incorporation doctrine extends the protections of the Fifth Amendment to actions by state officials. (Doc. 20 at 2.) Not so. The Supreme Court has held that many of the rights enumerated in the first eight Amendments to the Constitution are protected against state action by the due process clause of the Fourteenth Amendment. *Duncan v. Louisiana*, 391 U.S. 145, 148 (1968). This does not mean, however, that an individual can assert a Fifth Amendment due process claim against state actors. "Due process of law is secured against invasion by the federal [g]overnment by the Fifth Amendment and is safeguarded against state action in identical words by the Fourteenth." *Betts v. Brady*, 316 U.S. 455, 462 (1942); *see Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) (finding claim that defendant's actions ran afoul the Fifth Amendment to be "plainly foreclosed by the Constitution" because defendant was a local law enforcement official, and the Fifth Amendment's due process clause only applies to the federal government). The Court committed no manifest error in dismissing Plaintiff's Fifth Amendment due process claim against Defendants, all of whom are state actors.

Plaintiff next argues that her "claims under the First and Fourteenth Amendments should not be summarily dismissed, as they implicate the broader concept of due process and protection against state actions that violate fundamental rights." (Doc. 20 at 3.) But none of Plaintiff's claims were summarily dismissed. The Court explained its reasoning for dismissing, either with or without prejudice, every one of Plaintiff's claims. The Court further afforded Plaintiff leave to amend the claims that could be cured through the allegation of additional facts. Thus, again, no manifest error is shown.

Last, Plaintiff argues that the Court should have applied less stringent standards in evaluating her Complaint because Plaintiff is a *pro se* litigant. However, in its order, the Court expressly held Plaintiff's complaint to less stringent standards than those afforded to formal pleadings drafted by lawyers. (*Id.* at 3–4.) To the extent Plaintiff disagrees with the outcome, that is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988). Accordingly, the Court denies Plaintiff's motion for reconsideration.

At the end of her motion, Plaintiff requests a two-month "continuance" of her case. Construing this as a motion for an extension of time to file an amended complaint, the Court grants Plaintiff an additional sixty days from the date of this order to file a First Amended Complaint.

**IT IS SO ORDERED** Plaintiff's motion for reconsideration (Doc. 20) is **DENIED**.

**IT IS FURTHER ORDERED**, construing Plaintiff's motion to stay as a motion for an extension of time to file a First Amended Complaint, the Court grants Plaintiff a sixty-day extension as follows:

- Any First Amended Complaint must be filed within sixty (60) days of this Order and must comply with Court's January 2, 2024 Order (Doc. 19), which provides that (1) Plaintiff's Fifth Amendment claim, inadequate investigation claim, and inadequate notice claim are DISMISSED and (2) Plaintiff's judicial deception claim, denial of Plaintiff's right to make medical decisions for her children claim, substantive due process claim based on Defendant Powell's non-compliance with state court orders, and intentional infliction of emotional distress claim are DISMISSED WITHOUT PREJUDICE.

- Given that the latter claims are curable, the Court will allow Plaintiff to file a First Amended Complaint that contains sufficient factual allegations to support them. Any First Amended Complaint must be retyped or rewritten in its entirety. Further, the First Amended Complaint may not incorporate any part of the prior complaint or subsequent pleadings by reference. All causes of action alleged in the original complaint which are not alleged in any First Amended Complaint will be waived. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("[A]n amended pleading supersedes the original."). Any First Amended Complaint submitted by Plaintiff shall be clearly designated as a First Amended Complaint on the face of the document. Additionally, any First Amended Complaint shall

      comply with the requirements of Fed. R. Civ. P. 8(a), 10(a), and 11(a).

- The Clerk of the Court is **DIRECTED** to enter a judgment of dismissal, without prejudice, without further order of the Court, if Plaintiff fails to file a First Amended Complaint within sixty (60) days of the filing date of this Order.

Dated this 15th day of February, 2024.

_____
Douglas L. Rayes
United States District Judge

- 5 -