**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brooke Spiecker,<br><br>        Plaintiff,<br><br>v.<br><br>Kaitlynn Lewis, et al.,<br><br>        Defendants. | No. CV-23-08073-PCT-DLR<br><br>**ORDER** |

At issue is a motion filed by Defendants—all of whom are employees of Arizona's Department of Child Safety ("DCS")—seeking under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's first amended complaint ("FAC") for failure to state a claim. (Doc. 29.) The motion is fully briefed (Docs. 31, 32) and, for reasons explained below, will be granted.

**I.     Background**

Plaintiff, who is self-represented, accuses Defendants of violating her constitutional rights and committing various state law torts in the course and wake of the court-ordered removal of Plaintiff's children, M.M. and C.S., from Plaintiff's custody. (Doc. 25.) The Court interpreted Plaintiff's original complaint as asserting claims for intentional infliction of emotional distress and violations of 42 U.S.C. § 1983 predicated on allegations that Defendants submitted false reports about Plaintiff to the state courts in an effort to remove Plaintiff's children, failed to complete a thorough investigation before removing Plaintiff's

children from her custody, failed to provide Plaintiff with notice of her custody hearings, denied Plaintiff her right to make medical decisions for her children, and failed to comply with state court orders. (Doc. 19.)

Defendants moved to dismiss Plaintiff's original complaint (Doc. 13), and the Court granted that motion (Doc. 19). The Court dismissed *without* leave to amend the following claims:

- Plaintiff's § 1983 claim based on alleged violations of her *Fifth* Amendment rights because the Fifth Amendment "protects [a plaintiff] only against only federal government action," *Fidelity Fin Corp. v. Fed. Home Loan Bank*, 792 F.2d 1432, 1435 (9th Cir. 1986), and none of the Defendants are federal actors;
- Plaintiff's § 1983 claim predicated on an allegedly inadequate investigation because the claim was an impermissible collateral attack on a state court order; and
- Plaintiff's § 1983 claim predicated on lack of notice of the custody hearings because (1) Plaintiff's complaint acknowledged that she received notice and appeared at these hearings and (2) the claim was an impermissible collateral attack on a state court order.

The Court dismissed the remaining claims—for intentional infliction of emotional distress and those brought under § 1983 based on alleged judicial deception, failure to follow court orders, and interference with Plaintiff's right to make medical decisions for her children—*with* leave to amend. The Court explained that any amended complaint must comply with the requirements of Federal Rules of Civil Procedure 8, 10, and 11. (Doc. 19.)

Plaintiff thereafter filed her FAC (Doc. 25), which Defendants have again moved to dismiss (Doc. 29). The FAC does not comply with Rule 8, which requires a complaint to include, in relevant part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's original complaint was 17 pages. Despite the Court granting Plaintiff permission to amend only half of her original claims, Plaintiff's FAC is 66 pages—nearly quadruple the length of the original pleading. Nor does Plaintiff's FAC

- 2 -

comply with Rule 10, which requires that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Instead, Plaintiff's FAC is a sprawling narrative, making it difficult for the Court to understand which allegations pertain to which claims.[1] The Court also notes that Plaintiff's FAC appears to re-assert the Fifth Amendment, inadequate investigation, and lack of notice claims that the Court previously dismissed *without* leave to amend. The Court will not address those claims in this order because they have already been dismissed and the Court did not grant Plaintiff permission to amend these claims. Moreover, given the convoluted nature of Plaintiff's FAC, the Court will resolve Defendants' latest motion to dismiss by focusing on the specific arguments raised in the briefing.[2]

## II.     Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully." *Zixiang Li*, 710 F.3d at 999. Further, "the complaint must provide 'more than labels and conclusions.'" *In re Rigel Pharmaceuticals, Inc. Securities Litig.*, 697 F.3d 869, 875 (9th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "In evaluating a Rule 12(b)(6) motion, the [C]ourt accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in

---

[1] In contrast, Plaintiff's original complaint was organized into separately numbered paragraphs.
[2] For example, Defendants understand Plaintiff's allegations of judicial deception to be predicated on four statements made in the juvenile dependency petition. (Doc. 29 at 6.) Plaintiff's response brief does not refute this understanding of her claim, so the Court operates on the presumption that Defendants have adequately described the factual basis for Plaintiff's claim. The Court will not comb through each of the 66 pages of Plaintiff's narrative FAC in search of additional statements that conceivably could underpin Plaintiff's judicial deception claim, when Plaintiff's response brief has not directed the Court to any specific allegations in her FAC beyond those identified in Defendants' motion to dismiss or disputed Defendant's understanding of her claim.

the light most favorable to the plaintiff." *Adams v. U.S. Forest Srvc.*, 671 F.3d 1138, 1142–43 (9th Cir. 2012). However, the Court "does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations." *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016). A Rule 12(b)(6) motion "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

"[P]ro se complaints, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers." *Lazarescu v. Ariz. State Univ.*, 230 F.R.D. 596, 600 (D. Ariz. 2005). What's more, "[i]n civil rights cases where the plaintiff appears pro se, the court must construe the pleading liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). If the liberally construed pleading fails to state a claim for relief, the Court "should grant leave to amend even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### III. Analysis

#### A. Federal Claims

To prevail in a § 1983 action, a plaintiff must show that (1) the acts of the defendants (2) under color of state law (3) deprived her of federal rights, privileges, or immunities and (4) caused her damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Id.* at 1164. Defendants concede that they acted under color of state law, but they contend that the FAC fails to plausibly plead a deprivation of Plaintiff's constitutional rights. The Court agrees.

#### 1. Judicial Deception

There is "a constitutional right under the Due Process Clause of the Fourteenth Amendment to be free from judicial deception and fabrication of evidence in the context

of civil child custody cases." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1146 (9th Cir. 2021). To allege a violation of the constitutional right to be free from judicial deception, a plaintiff must plead "(1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision." *Id.* at 1147. A judicial deception claim cannot be based on merely negligent omissions or misstatements, good faith mistakes, or a defendant's erroneous assumptions about the evidence. *See Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009). What's more, a judicial deception claim must meet the higher pleading standard under Federal Rule of Civil Procedure 9(b), which requires that the pleading "state with particularity the circumstances constituting [the] fraud." In other words, a plaintiff must allege "the who, what, when, where, and how of the misconduct charged," including what is false or misleading about a statement and why it is false. *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).

Plaintiff's FAC fails to state a judicial deception claim because Plaintiff has not alleged facts plausibly showing that Defendants made deliberate or reckless misstatements or omissions to the juvenile court. Plaintiff alleges that Defendants falsely represented to the juvenile court that there was sufficient probable cause to order the removal of Plaintiff's children. (Doc. 25 at 15.) This statement is nonactionable because it reflects Defendants' assumptions and opinions about the strength of the evidence. Plaintiff alleges that Defendants falsely stated that the family had no one immediately available to assist in managing safety threats. (*Id.* at 17.) But the FAC fails to allege that there was, in fact, family available to assist. And even if there were, the FAC fails to allege that Defendants made this misrepresentation deliberately or recklessly, as opposed to negligently or in good faith. Plaintiff alleges that Defendants falsely stated Plaintiff was selling and using drugs out of the home. (*Id.* at 16.) But, again, she fails to allege facts plausibly showing that this statement, if inaccurate, was made deliberately or recklessly, rather than negligently or in good faith. Indeed, M.M. had twice tested positive for methamphetamine and Defendants had received a report stating that methamphetamine was discovered in the home. (Doc. 25

at 11, 31; Doc. 25-1 at 18.) Finally, Plaintiff alleges that Defendants falsely stated M.M. has a history of suicidal ideations. (Doc. 25 at 20.) Yet the FAC acknowledges that M.M. had made such an attempt in the past. (*Id.*) The FAC therefore fails to plausibly allege this statement was false.

Rather than allege with particularity how each of Defendants' statements were deliberately or recklessly false, Plaintiff appears to quarrel with the thoroughness of Defendants' investigation and the reasonableness of the conclusions they drew from the evidence. But, as noted, the Court did not permit amendment on an inadequate investigation theory, and a judicial deception claim cannot be based on a defendant's erroneous assumptions about the evidence. This claim will be dismissed, but with leave to amend because it is possible Plaintiff can cure these problems through the allegation of more specific facts.

### 2. Right to Make Medical Decisions for Children

"The right to family association includes the right of parents to make important medical decisions for their children, and of children to have those decisions made by their parents rather than the state." *Wallis v. Spencer*, 202 F.3d 1126, 1141 (9th Cir. 2000). Here, however, Plaintiff fails to allege a plausible violation of such right. The FAC mentions a recommendation for testosterone therapy for M.M. but goes on to acknowledge that Plaintiff received notice of that recommendation and acted on it by successfully petitioning the juvenile court against the performance of such a procedure. (*Id.*) The FAC does not plausibly allege that Plaintiff was deprived of her right to make this medical decision. The FAC also alludes to "a minor surgical procedure to remove a mole from M.M.," but offers no details about whether this was another recommendation or a completed procedure, what medical decision(s) were ultimately made, and by whom, making it impossible to ascertain whether Plaintiff was deprived of her rights. This claim will be dismissed, but with leave to amend.

### 3. Religious Rights

Parents have a constitutionally protected interest in guiding the religious upbringing

- 6 -

of their children. *See Wisconsin v. Yoder*, 406 U.S. 205, 213-24 (1972). The FAC states that Plaintiff and her children are Jewish, and conclusorily alleges that Defendants "placed unjustified restrictions on the children's ability to practice their Jewish faith." (Doc. 25 at 21.) But the FAC fails to explain what these restrictions were and how they were placed upon Plaintiff's children. This claim will be dismissed with leave to amend.

### 4. Perjury

The FAC appears to bring a claim against Defendants for perjury in violation of 18 U.S.C. § 1621. But § 1621 is a "federal criminal statute" that "does not give rise to civil liability." *Howard v. Paye,* 188 F.Supp.3d 496, 499 (E.D. Pa. 2016). This claim will be dismissed without leave to amend.

### B. State Law Tort Claims

#### 1. Intentional Infliction of Emotional Distress

A claim for intentional infliction of emotional distress requires: (1) the defendant engage extreme and outrageous conduct; (2) the defendant either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and (3) severe emotional distress occur because of the defendant's actions. *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987). Plaintiff does not allege sufficient facts for any of the three required elements. The allegations in the FAC—namely, that Plaintiff's children were removed from her custody pursuant to a court order after an investigation that Plaintiff believes could have been more thorough—does not plausibly rise to the level of extreme and outrageous. Nor does the FAC allege that Defendants undertook their investigation or petitioned for the removal of her children with the intent to cause her emotional distress or in reckless disregard of the near certainty that she would feel such distress. What's more, "[i]t appears the Arizona Supreme Court has never found severe emotional distress in the absence of physical harm," *Unknown Party v. Ariz. Bd. of Regents*, No. CV-18-01623-PHX-DWL, 2019 WL 7282027, at *16 (D. Ariz. Dec. 27, 2019), and the FAC does not allege that Plaintiff's emotional distress manifested itself physically. This claim will be dismissed with leave to amend.

### 2. Malicious Prosecution

"The elements of malicious prosecution include (1) the institution of a proceeding, (2) actuated by malice, (3) without probable cause by the defendant in this action, (4) which terminated in the plaintiff's favor, and (5) caused him damages" *Bird v. Rothman*, 627 P.2d 1097, 1100 (Ariz. Ct. App. 1981). Plaintiff's malicious prosecution claim necessarily fails because the juvenile court proceeding did not resolve in her favor. This claim is dismissed without leave to amend.

### 3. Defamation

"In an ordinary defamation action between private individuals, a speaker may be liable for damages if a falsehood is published that injures the plaintiff's reputation." *Rogers v. Mroz*, 502 P.3d 986, 990 (Ariz. 2022). The FAC alleges that Defendant Powell defamed Plaintiff during a team decision meeting when she told her that she had evidence Plaintiff had violated a safety plan and court orders. (Doc. 25-1 at 11.) Although Plaintiff disagrees that she was in violation, the FAC fails to allege facts plausibly showing that Defendant Powell had not received evidence indicative of such violations, nor does the FAC allege damage to Plaintiff's reputation. This claim will be dismissed, but with leave to amend.

### 4. Invasion of Privacy

"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Hart v. Seven Resorts Inc.*, 947 P.2d 846, 853 (Ariz. Ct. App. 1997) (quoting Restatement (Second) of Torts § 652B)). Aside form listing "invasion of privacy" in the introduction of her FAC (Doc. 25 at 7), Plaintiff fails to plead facts to support this claim. It will be dismissed, but with leave to amend.

### 5. Abuse of Process

"The elements of an abuse-of-process claim are (1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings." *Crackel v. Allstate Ins. Co.*, 92 P.3d 882, 887 (Ariz. Ct. App. 2004) (internal quotations

and citation omitted). The Court understands this claim to be based on the juvenile dependency proceedings. Although Plaintiff disagrees with the outcome of the proceedings and believes Defendants' investigation was flawed, she has not plausibly alleged that Defendants petitioned the juvenile court for an ulterior and improper purpose. This claim will be dismissed, but with leave to amend.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 29) is **GRANTED** as explained herein.

**IT IS FURTHER ORDERED** that, by no later than **April 30, 2025**, Plaintiff may file a second amended complaint if she believes she can cure the defects identified in this order.[3] Any amended complaint must comply with Federal Rules of Civil Procedure 8–11. To facilitate compliance with Rule 8, the Court imposes a 20-page limit on any second amended complaint Plaintiff might choose to file. *See Gjovik v. Apple Inc.*, No. 23-cv-04597-EMC, 2024 WL 5049090, at *1 (N.D. Cal. Nov. 20, 2024) ("It is not uncommon for courts to impose page limits, even for pleadings."). If Plaintiff does not file a second amended complaint within the timeframe specified herein, the Clerk of the Court is directed to terminate this case without further order.

Dated this 31st day of March, 2025.

Douglas L. Rayes
Senior United States District Judge

---

[3] The Court recognizes that Defendants have raised qualified and absolute immunity defenses, but it is difficult for the Court to assess whether Defendants are entitled to any immunities when the factual basis for Plaintiff's claims remains so nebulous. The Court will reserve judgment on these immunity arguments until it has a better understanding of the factual basis for Plaintiff's claims.