**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brooke Spiecker,<br><br>        Plaintiff,<br><br>v.<br><br>Kaitlynn Lewis, et al.,<br><br>        Defendants. | No. CV-23-08073-PCT-DLR<br><br>**ORDER** |

Pro Se Plaintiff Brooke Spiecker is suing Defendants Kaitlynn Lewis, Jamie Ryan, Susan Balensky, and Maureen Powell—all of whom are employees of Arizona's Department of Child Safety ("DCS")—under 42 U.S.C. § 1983 for violating her Fourteenth Amendment rights and under various state law claims. Before the Court is Defendants' motion to dismiss Plaintiff's second amended complaint ("SAC"). (Doc. 35.) The motion is fully briefed (Docs. 42, 45) and for the following reasons is granted.

**I.   Background**

Plaintiff brought suit in March 2023 (Doc. 1), and the Court dismissed Plaintiff's initial complaint without prejudice and with leave to amend (Doc. 19). Instead of filing an amended complaint, Plaintiff filed a motion for reconsideration and motion to stay (Doc. 20), which the Court denied but construed as a motion for an extension of time and granted Plaintiff a sixty-day extension (Doc. 23 at 4). Plaintiff then filed her first amended complaint. (Doc. 25.) The Court granted Defendant's motion to dismiss that complaint with

leave to amend. (Doc. 33.) Plaintiff has now filed her SAC (Doc. 34), which Defendants move to dismiss.

## II. Legal Standard

"To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Well-pled factual allegations are accepted as true and construed in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). The court's task merely is to determine whether those well-pled factual allegations plausibly state a claim to relief under governing law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, the court "does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations." *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

As relevant here, "pro se complaints, however inartfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers." *Lazarescu v. Ariz. State Univ.*, 230 F.R.D. 596, 600 (D. Ariz. 2005). What's more, "[i]n civil rights cases where the plaintiff appears pro se, the court must construe the pleading liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). If the liberally construed pleading fails to state a claim for relief, the court "should grant leave to amend even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III. Analysis

### A. Section 1983

To prevail in a § 1983 action, a plaintiff must show that (1) the acts of the defendants (2) under color of state law (3) deprived her of federal rights, privileges, or immunities and (4) caused her damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163–64 (9th Cir. 2005). "Section 1983 is not itself a source of substantive rights, but merely provides a

method for vindicating federal rights elsewhere conferred." *Id.* at 1164.

### 1. Judicial Deception

There is "a constitutional right under the Due Process Clause of the Fourteenth Amendment to be free from judicial deception and fabrication of evidence in the context of civil child custody cases." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1146 (9th Cir. 2021). To allege a violation of the constitutional right to be free from judicial deception, a plaintiff must plead "(1) a misrepresentation or omission (2) made deliberately or with a reckless disregard for the truth, that was (3) material to the judicial decision." *Id.* at 1147. A judicial deception claim cannot be based on merely negligent omissions or misstatements, good faith mistakes, or a defendant's erroneous assumptions about the evidence. *See Ewing v. City of Stockton*, 588 F.3d 1218, 1224 (9th Cir. 2009). What's more, a judicial deception claim must meet the higher pleading standard under Federal Rule of Civil Procedure 9(b), which requires that the pleading "state with particularity the circumstances constituting [the] fraud." In other words, a plaintiff must allege "the who, what, when, where, and how of the misconduct charged," including what is false or misleading about a statement and why it is false. *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)

Plaintiff alleges that Defendants fabricated evidence and forged documents. (Doc. 34 at 5.) Specifically, Plaintiff alleges Defendant Lewis fabricated claims that Plaintiff neglected her children's basic needs, sold drugs from the home, and failed to protect them from severe harm by others. (*Id.* at 3.) But Plaintiff fails to allege facts plausibly showing that any statements, if inaccurate, were made deliberately or recklessly, rather than negligently or in good faith. The SAC therefore fails to plausibly allege these statements were false. Additionally, Plaintiff fails to plead that Defendants' allegedly false statements were material to the removal of Plaintiff's children. Because Plaintiff does not allege what the juvenile court considered in deciding to remove Plaintiff's children, Plaintiff's complaint lacks sufficient facts to allow the Court to draw a plausible inference that Defendants' alleged misstatements were material to the judicial decision. *See Kitaj v. Van*

*Handel*, No. CV-22-00463-TUC-JCH, 2023 WL 5932856, at *4 (D. Ariz. Sept. 12, 2023) (finding that plaintiffs did not sufficiently show materiality because plaintiffs did "not allege what the juvenile court did and did not consider in making its decision"). This claim will be dismissed.

### B. Intentional Infliction of Emotional Distress

A claim for intentional infliction of emotional distress requires: (1) the defendant engage in extreme and outrageous conduct; (2) the defendant either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and (3) severe emotional distress occur because of the defendant's actions. *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987). Plaintiff still does not allege sufficient facts for all three required elements. Plaintiff does plausibly allege that she suffered severe emotional distress manifesting in anxiety, insomnia and migraines. (Doc. 34 at 5–6.) But the allegations in the SAC—namely, that Plaintiff's children were removed from her custody pursuant to a court order after an investigation that Plaintiff believes could have been done differently—do not plausibly rise to the level of extreme and outrageous. The allegations of extreme and outrageous conduct are based on the same conduct from the judicial deception claim that the Court has already determined are not plausibly plead. And the SAC only contains a conclusory allegation that Defendants acted with reckless disregard for the near certainty of causing Plaintiff severe emotional distress but without any facts supporting that allegation. This claim will be dismissed.

### C. Defamation

"In an ordinary defamation action between private individuals, a speaker may be liable for damages if a falsehood is published that injures the plaintiff's reputation." *Rogers v. Mroz*, 502 P.3d 986, 990 (Ariz. 2022). The SAC alleges that Defendant Powell defamed Plaintiff during a team decision meeting when she told Plaintiff that she had evidence Plaintiff had violated a safety plan and court orders. (Doc. 34 at 6.) Although Plaintiff disagrees that she was in violation, the SAC fails to allege facts plausibly showing that Defendant Powell had not received evidence indicative of such violations. Additionally,

1  the SAC contains only a conclusory allegation of damage to Plaintiff's reputation without
2  alleging what damage was caused. Finally, in her Response, Plaintiff does not address
3  Defendants' arguments regarding this claim and generally the failure to respond to an
4  argument is grounds for deeming that claim abandoned or conceded. *See Jenkins v. Cnty.*
5  *of Riverside*, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005). This claim will be dismissed.

      **D.**    **Invasion of Privacy**

"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person." *Hart v. Seven Resorts Inc.*, 947 P.2d 846, 853 (Ariz. Ct. App. 1997) (quoting Restatement (Second) of Torts § 652B)). A claim for false light invasion of privacy occurs when one gives "publicity to a matter concerning another that places the other before the public in a false light." *Reynolds v. Reynolds*, 294 P.3d 151, 156 (App. 2013). A defendant is liable if "(a) the false light in which the other was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed." *Id.* Plaintiff alleges that Defendants intruded upon her private affairs by fabricating claims which were included in the public removal application and that this intrusion is highly offensive to a reasonable person. (Doc. 34 at 6–7.) As discussed above, however, Plaintiff fails to allege facts plausibly showing that any statements, if inaccurate, were made knowingly or recklessly. Plaintiff fails to plead facts to support this claim. Additionally, like her defamation claim, Plaintiff does not address Defendants' arguments regarding this claim which is grounds for deeming that claim abandoned or conceded. *See Jenkins*, 398 F.3d at 1095 n. 4 (9th Cir. 2005). This claim will be dismissed.

      **E.**    **Abuse of Process**

"The elements of an abuse-of-process claim are (1) a willful act in the use of judicial process; (2) for an ulterior purpose not proper in the regular conduct of the proceedings." *Crackel v. Allstate Ins. Co.*, 92 P.3d 882, 887 (Ariz. Ct. App. 2004) (internal quotations

- 5 -

and citation omitted). Plaintiff alleges Defendants used the juvenile dependency proceedings to retaliate against her. (Doc. 34 at 7.) Although Plaintiff disagrees with the outcome of the proceedings and believes Defendants' investigation was flawed, she has not plausibly alleged that Defendants petitioned the juvenile court for an ulterior and improper purpose. This claim will be dismissed.

**IT IS ORDERED** that Defendants' motion to dismiss (Doc. 35) is **GRANTED**. The Clerk of the Court is directed to enter judgment accordingly and terminate the case.

Dated this 23rd day of February, 2026.

Douglas L. Rayes
Senior United States District Judge